UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE ANTONIO RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A., et al.,<br><br>Defendants. | Case No. 17-cv-00435-BLF<br><br>**ORDER DENYING MOTION TO STAY**<br><br>[Re: ECF 5] |

Before the Court is Defendants' motion seeking a stay of this action until the California Court of Appeal reaches its decision in *Ron Kempton, et al. v. Capital One Financial Corporation*, No. 37-2014-00023795-CU-MC-NC (Cal. Super. Ct.) *sub nom. Dalia Rojas v. HSBC Card Services Inc., et al.*, No. D071442 (Cal. App. Ct. filed Nov. 18, 2016) (the "*Rojas* case"). Mot., ECF 5, Joinder to Mot., ECF 22. Plaintiff Jose Antonio Ramos ("Plaintiff") opposes the motion, claiming that Defendants did not meet their burden of showing that a stay is warranted. Opp'n., ECF 18. Pursuant to Civ. L.R. 7-1(b), the Court finds Defendants' motion to stay suitable for submission without oral argument and hereby VACATES the hearing scheduled for July 27, 2017. As set forth below, the Court finds that the Defendants' requested stay is not justified and hereby DENIES the motion.

**I.   BACKGROUND**

Plaintiff alleges the following facts in his complaint. Compl., Ex A. to Notice of Removal, ECF 1. Plaintiff is a California resident whose wife was employed by Defendants HSBC Card Services Inc. ("Card Services") at an HSBC Technology & Services (USA) Inc. (collectively, "HSBC") facility in Salinas, California, from March 2009 to May 2012. Compl. ¶¶ 7, 28. As of May 1, 2012, Defendant Capital One Financial Corporation ("Capital One") acquired certain

assets of HSBC, including the Salinas facility. Plaintiff's wife thereafter was employed by Capital One from May 1, 2012 through October 2013. *Id.* ¶ 29.

Plaintiff alleges that during the relevant time period, he had "numerous personal telephone communications" with Defendants' employees, including his wife. *Id.* ¶¶ 30-32. According to Plaintiff, Defendants intentionally recorded the conversations without his consent or knowledge. *Id.* ¶¶ 32-33.

Plaintiff filed a complaint in Monterey County Superior Court asserting that Defendants violated the California Invasion of Privacy Act. Compl.; Cal. Penal Code §§ 632, 632.7. HSBC removed the case to this Court. Notice of Removal. Defendants then filed a motion to dismiss and a motion to stay the case. ECF 5, 7. The Court now addresses Defendants' motion to stay.

## II.  LEGAL STANDARD

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, No. 09-2493, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted)).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id*. "If there is even a fair possibility that a stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (internal quotation marks omitted) (citing *Landis*, 299 U.S. at 255).

In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

## III. DISCUSSION

Defendants contend that a stay of the present case pending resolution of the *Rojas* case on appeal will conserve judicial resources without prejudice to Plaintiff. A denial of stay would cause hardship to the parties when they have to expend time and resources litigating this case. Plaintiff argues that Defendants have made an insufficient showing to warrant a stay. Before turning to the merits of these arguments, the Court addresses HSBC's request for judicial notice.

### A. Judicial Notice

HSBC has requested judicial notice of six documents filed in the *Rojas* case, attached to the request as Exhibits A through H: (A) HSBC's motion for summary judgment; (B) plaintiff Rojas' opposition to the summary judgment motion; (C) HSBC's reply in support of the motion for summary judgment; (D) order granting HSBC's motion for summary judgment; (E) excerpts of the certified reporter's transcript for the November 4, 2016 hearing; (F) the notice of appeal., (G) Notice regarding fee for record on appeal; and (H) Order denying motion to stay in *Nicklaus Lal v. Capital One N.A., et al.*, No. 5:16-cv-06674-BLF (N.D. Cal.) (the "Lal Stay Order"). RJN, ECF 6.

Judicial notice is appropriate with respect to all these exhibits because they are documents publicly filed with the San Diego County Superior Court and this Court. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record). Plaintiff opposed the request for judicial notice because the documents have no "direct relation to the matters at issue." Opp'n 6-7. Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The Court finds that the facts of the *Rojas* case and *Nicklaus Lal v. Capital One N.A., et al.*, No. 5:16-cv-06674-BLF (N.D. Cal. filed Nov. 17, 2016) (the "*Lal* case") are very similar. In the *Rojas* case, the *Lal* case, and the case here, the plaintiffs assert the

same causes of action arising from similar allegations concerning recording of telephone conversation by the defendants. Accordingly, the documents have a "direct relation to the matters at issue." *See* Mot. 3-5.

Plaintiff also argues that the documents to be noticed contain disputed facts and arguments so the Court may not take judicial notice of them to prove the truth of the contents. Opp'n 7-8. However, Plaintiff's objection to the Court taking judicial notice of the documents filed in other proceedings is misguided. The Court does not take judicial notice of the legal reasoning or disputed facts contained therein, but rather the existence of such allegations and arguments. Reply 8-9; *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (permitting a court to take judicial notice of another court's opinion, but not the truth of the facts recited therein). Plaintiff does not dispute the authenticity of the documents, either. As such, the request for judicial notice is GRANTED with respect to all the exhibits attached to HSBC's request.

### B. Possible Prejudice from Granting Stay

The Court turns to the first *Landis* factor: possible prejudice that could arise from granting the stay. Defendants argue that a stay will not damage Plaintiff given that the allegations relate to calls made between 2009 and 2012, made over four to seven years ago. Mot. 7. According to Defendants, Plaintiff has not alleged any ongoing violations, confirming that a stay of causes of actions that are already stale would not incur any additional damages. *Id.*; Reply 2. Defendants also contend that oral argument in *Rojas* likely will occur by the end of the year given the briefing schedule. Reply 2-3. Plaintiff contends that if a stay were to be granted, evidence could be lost or destroyed, witness memories could fade, and witnesses might become unavailable. Opp'n 3. Plaintiff further argues that a stay should not be instituted because of the strong public policy favoring expeditious resolution of litigation. *Id.* at 4.

Given that Plaintiff's allegations were based on events that occurred more than four to seven years ago, additional damage from granting a stay should be relatively small in comparison to damage from the pre-existing delay. However, the Court finds that with passing time, there remains a risk of lost and destroyed evidence, as well as fading witness memories. Although Defendants predict that oral argument will be scheduled by the end of this year based on the

1  appellate briefing schedule, it is not certain that this prediction will come to fruition. As such, the
2  parties may need to wait for the state court appellate decision for an indefinite amount of time,
3  which is a concern of this Court. The Court thus finds that a stay pending the state appellate court
4  decision could prejudice Plaintiff.

### C.  Possible Hardship or Inequity from Denying Stay

The Court next considers the possible harm that could arise from going forward. *CMAX*, 300 F.2d at 268. Defendants argue that denial of the stay would force it to devote significant legal expense to the present action, which may be rendered unnecessary by the appellate decision in the *Rojas* case. Mot. 6; Reply 4-5. In addition, Defendants contend that litigating this case and the *Lal* case simultaneously adds to their hardship. Reply 5. Plaintiff contends that Defendants' speculative argument on irreparable harm does not justify a stay. Opp'n 4-5.

Aside from conclusory assertions, Defendants have not provided any detail as to why simultaneous litigation of this case and the *Lal* case that have substantial overlap in their factual and legal issues would cause a significant burden relative to litigating only the *Lal* action. Defendants also similarly proffer no support for their argument that the "vast majority of the burden" will be placed on them as opposed to Plaintiff. Mot. 8. A denial of stay would require both parties to expend significant resources to litigation. Recognizing the potential burden for both parties, the potential hardship from denying the stay weighs slightly in favor of granting it. *See, e.g.*, *Google Inc. v. Creative Labs, Inc.*, No. 16-02628-JST, 2016 WL 6947564, at *2 (N.D. Cal. Nov. 28, 2016) (noting that there could be "potential duplication of discovery" between the ITC investigation and federal proceedings and ultimately finding the "hardship" factor to be largely neutral).

### A.  Orderly Course of Justice

The Court now addresses the third, and last, of the *Landis* factors—whether a stay will complicate or simplify the issues before it. According to Defendants, the claims dismissed by the trial court in the *Rojas* case are identical to the claims asserted here. Mot. 8-9; Reply 6. Defendants argue that because the order granting their summary judgment is on appeal and addressed the same issues in this case, the appellate decision will be important in defining and

determining the issues presented here. Mot. 8-9. In opposition to this motion for stay, Plaintiff argues that the *Rojas* case has no bearing on this action because Plaintiff is not a party to the *Rojas* case. Opp'n 5. Plaintiff also contends that even if Defendants did not "intentionally" record the telephone conversations implicated in the *Rojas* case, this Court could still find that Plaintiff's telephone conversations were "intentionally" recorded. *Id.*

The plaintiff in *Rojas* alleges that when her daughter and her friends, HSBC employees, called her using their work phones, her personal telephone communications with them were recorded without her consent. RJN, Ex. B 1, 3-4. In granting summary judgment to HSBC, the trial court found that the plaintiffs in the *Rojas* case had failed to establish a triable issue of material fact as to Defendants' intent to record the phone conversations in violation of the California Invasion of Privacy Act. *Id.*, Ex. D. Specifically, the court found no triable issue of material fact on whether Defendants recorded the phone calls "with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation," and on whether Defendants "intentionally recorded" a communication involving a cell phone or cordless phone. *Id.*

Based on Plaintiff's complaint and the exhibits discussed above, it is clear that the *Rojas* case and the present action share many similarities. However, it is less clear that an appellate decision from the *Rojas* case would affect this case. In interpreting state law, federal courts are not necessarily bound by intermediate appellate court decisions, unless "there is no convincing evidence that the state supreme court would decide differently." *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). Moreover, given the Court's schedule, it is likely that this case will not be tried before the state appellate court reaches its decision. Accordingly, the Court finds that this third factor weighs only slightly in favor of granting a stay.

## IV.   ORDER

In light of the above, the Court finds that Defendants fail to meet the burden of establishing the need for a stay. Given that the stay may last into the indefinite future, the Court finds that there is possible prejudice to Plaintiff in granting this stay. Although a stay might lessen the

1 hardship on both parties and could potentially simplify issues in the case, these factors weigh only
2 slightly in favor of granting the stay and do not outweigh the possible prejudice to Plaintiff.
3 For the foregoing reasons, the Court DENIES Defendants' motion to stay until the California
4 Court of Appeal's decision in the *Rojas* case.

Dated: March 7, 2017

_____
BETH LABSON FREEMAN
United States District Judge